McBRYDE *v.* WILSON.

4-9776                                   248 S. W. 2d 388

Opinion delivered May 5, 1952.

A. D. Chavis and U. J. Cone, for appellant.

Jay W. Dickey, M. L. Reinberger and Brockman & Brockman, for appellee.

George Rose Smith, J. This is a petition by the appellant to set aside for fraud a divorce decree that was granted to her former husband, W. Z. Case, on August 9, 1949. The decree was in no way unusual. After reciting the appearance of the parties by their respective attorneys and the fact that all property rights had been settled by agreement the decree awarded the husband a divorce and restored the wife's maiden name, Kathryn McBryde. Case died three days after the decree was entered. Six months later the appellant filed this petition, joining as respondents the decedent's heirs and personal representative. The chancellor, finding that the petitioner had "wholly failed" to prove the charges of fraud, dismissed the petition.

The record leaves us with no doubt as to what occurred. The appellant and her husband separated in 1947. Two years later Case suggested that a divorce be obtained, and each spouse employed an attorney. After some negotiations it was agreed that Mrs. Case would release her property rights for $1,000 in cash and a quitclaim deed to the homestead. Although the homestead stood in the wife's name the husband had claimed an interest in it by reason of having made payments on the purchase price.

The husband accordingly filed suit on August 9, 1949, and the decree was rendered on that date. Mrs. Case went to her own attorney's office on that day. There she accepted a certified check for $1,000 and a quitclaim deed, both of which had been delivered to her attorney by her husband's lawyer. During that visit she also endorsed her approval upon the decree, which was signed by the chancellor later in the day. On this same day the appellant opened a bank account in her maiden name,

Kathryn McBryde, and deposited the $1,000 check in the account. A few days later she recorded the deed to the homestead. It subsequently became apparent that she had settled rather cheaply, as her former husband died three days after the entry of the decree and left an estate in excess of $10,000.

The appellant attempted to show that her former attorney defrauded her by telling her that the divorce suit had been dropped and by obtaining her okay upon the decree through a representation that the paper was something else. Yet she, a business woman with many years of experience, explains the bank account in her maiden name only by saying that she was following this attorney's advice. Nor does she have a satisfactory explanation for her acceptance of the deed to the homestead. In other respects her testimony is patently false. With respect to a letter that was introduced she first testified that she had typed it herself at home. On cross-examination, after many evasions, she finally admitted that she had no typewriter, that she had not typed the letter, and that it had been typed by one of her present counsel. Other parts of her testimony are contradicted by the testimony of the regular chancellor, the present circuit judge, a former deputy prosecuting attorney, two other members of the bar, and a banker, most of whom were disinterested witnesses. The chancellor rightly concluded that the charge of fraud was entirely unsupported by the proof.

Affirmed.